IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JERED EDWARD FRANKE,

                Petitioner,            ORDER

v.

                                        09-cv-102-slc

ALLISON K TYDRICH-FRANKE;
WM. ANDREW SHARP, District Attorney;
EDWARD TYDRICH;
DIANE TYDRICH and
Corporation Counsel of Richland County Attorney,
BEN SOUTHWICK;

                Respondents.

---

This is a civil action for monetary and declaratory relief in which petitioner, who is proceeding pro se, alleges violations of his constitutional rights in connection with an investigation into domestic violence charges made against him. Petitioner requests leave to proceed without prepayment of fees and costs or providing security for such fees and costs, pursuant to 28 U.S.C. § 1915.

The standard for determining whether petitioner qualifies for indigent status is the following:

- From petitioner's annual gross income, the court subtracts $3400 for each dependent excluding the petitioner.

- If the balance is less than $15,000, the petitioner may proceed without any prepayment of fees and costs.

- If the balance is greater than $15,000 but less than $28,000, the petitioner must prepay half the fees and costs.

- If the balance is greater than $28,000, the petitioner must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In this case, petitioner has no dependents and his annual income of $10,800 qualifies him for indigent status.  However, in the affidavit of indigency petitioner submitted in support of his request for leave to proceed without prepayment of fees and costs, he indicates that he may own a residence which he lists with a value of $78,000.  Petitioner has not told me if he, in fact, owns a home or the amount of equity he has in the property.  Without this information, I cannot determine whether petitioner qualifies for indigent status.  Therefore, I will delay a decision on petitioner's request for leave to proceed without prepayment of fees and costs until he supplements his affidavit of indigency with a statement advising the court whether he owns a home and the amount of equity he has in the property.

ORDER

IT IS ORDERED that a decision on petitioner's request for leave to proceed without prepayment of fees and costs in this action is STAYED until March 19, 2009, to allow petitioner to submit a supplemental statement in which he advises the court whether he owns a home and the amount of equity he has in the property.  If, by March 19, 2009, petitioner fails to submit the necessary supplemental financial statement, his request for leave to proceed without prepayment of fees and costs will be denied and his action will be dismissed for failure to

prosecute it.

 Entered this 3rd day of March, 2009.

         BY THE COURT:

         /s/

         STEPHEN L. CROCKER
         Magistrate Judge